## Ex Parte J. W. Davis.

No. 13124. Delivered November 6, 1929.

The opinion states the case.

*J. A. Mooney* and *G. C. Lowe,* both of Woodville, and *Adams & McAlister* of Nacogdoches, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Appeal from a denial of bail.

Appellant was held in jail upon a complaint charging him with murder. He sued out a writ of habeas corpus before the district judge who, upon a hearing, remanded him to jail without bond. He appeals from this order.

The facts show that appellant had married a sister of deceased, and that a few days prior to the killing appellant's wife appealed to deceased, her brother, to carry her to the home of another brother, and that in compliance with her request deceased conveyed said wife and her young daughter to the home of the other brother. It appears in the record that appellant made a number of threats directed in the first instance toward the party who carried his wife to her brother's on the occasion in question in the event he found out the identity of such party, and in the second instance directed toward deceased after appellant found out that deceased was the person who had assisted his wife in getting to the place where she wished to go. Threats made by appellant to kill deceased on the morning of the homicide and shortly prior thereto, were in evidence. An eleven-year-old boy, a nephew by marriage of deceased, was present at the time of the killing, and he testified that deceased was working upon a house at the time appellant approached; that deceased saluted appellant who without a word raised up his gun and fired twice. Deceased was shot through the body with a Winchester rifle. Appellant testified upon the hearing that he was passing by where deceased was at work and that the latter accosted him, and had a shot gun, and believing his life was in danger he fired and killed deceased. The boy referred to testified that after his uncle was killed he ran home and told his grandmother, the mother of deceased, that the latter had been shot. The grandmother testified that she left at once and went to the body of her son, carrying with her a shot gun. The boy referred to said he did not see his grandmother with the shot gun. We have given consideration to the contention of appellant that the issue of self-defense in the case entitles him to bail.

We are not able to bring ourselves to believe that the trial court abused his discretion in the matter of the refusal of bail.

The judgment denying bail will be affirmed.

*Affirmed.*